1  Steven C. Wolan (State Bar No. 56237)
   Andrea S. Carlise (State Bar No. 151648)
2  PATTON ♦ WOLAN ♦ CARLISE, LLP
   1814 Franklin Street, Suite 501
3  Oakland, California 94612
   Telephone:  (510) 987-7500
4  Facsimile:   (510) 987-7575
5
   Attorneys for Defendants
6  COUNTY OF CONTRA COSTA,
   CONTRA COSTA COUNTY IN-HOME SUPPPORT
7  SERVICES PUBLIC AUTHORITY
   (incorrectly sued herein as IHSS PUBLIC AUTHORITY),
8  and JOHN COTTRELL
9
10                     UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  GLORIA DELLAFOSSE, | Case No. C 07 3948 |
| 14                    Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)), AND IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (FRCP 56) OR MOTION FOR A MORE DEFINITE STATEMENT |
| 15  vs. | |
| 16  COUNTY OF CONTRA COSTA, IHSS PUBLIC AUTHORITY, JOHN COTTRELL, EXECUTIVE DIRECTOR, DOES 1 to 100, | |
| 17 | |
| 18 | |
| 19               Defendants. | Date:        March 21, 2008 |
| 20 | Time:        9:00 a.m. |
|    | Courtroom:   7, 19th Floor |
| 21 _____/ | Judge:       The Hon. Maxine M. Chesney |

22
23  TO PLAINTIFF AND HER COUNSEL OF RECORD HEREIN:
24      PLEASE TAKE NOTICE that on Friday, March 21, 2008 at 9:00 a.m., or as soon thereafter as
25  the matter may be heard, in Courtroom 7 (19th Floor) of the above-titled court located at 450 Golden
26  Gate Avenue in San Francisco, California, Defendants COUNTY OF CONTRA COSTA (hereinafter
27  "the County"), CONTRA COSTA COUNTY IN-HOME HEALTH SERVICES PUBLIC AUTHORITY
28  (hereinafter "the Public Authority"), and JOHN COTTRELL (collectively "Defendants") will and hereby
    do move the Court to dismiss without leave Plaintiff GLORIA DELLAFOSSE's Complaint as to the

1  Defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that: the
2  County of Contra Costa is not a proper defendant because it has never been Plaintiff's employer, the
3  Public Authority had fewer than the requisite 15 employees to be covered by the Americans with
4  Disabilities Act (ADA) at all relevant times, Plaintiff's ADA and FEHA claims are time-barred and
5  Plaintiff's claim for "negligent supervision" is unintelligible and fails to state a claim under the Equal
6  Protection Clause of the 14th Amendment. In the alternative, Defendants will and hereby do move the
7  Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds
8  that there are no disputed issues of material fact and Defendants are entitled to judgment as a matter of
9  law. Alternatively, should the instant motion to dismiss or motion for summary judgment be denied,
10 Defendants will and hereby do move the Court to Order Plaintiff to provide a more definite statement
11 pursuant to Rule 12 (e) of the Federal Rules of Civil Procedure.
12    This motion will be based on this notice of motion, the memorandum of points and authorities
13 served and filed herewith, the documents and matters of which the Court is asked to take judicial notice,
14 the Complaint on file herein, the Declaration of John Cottrell filed in support of this motion and its
15 attached exhibits, the other papers and records on file herein, and on such other and further evidence and
16 arguments as may be presented at the hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE FOR
SUMMARY JUDGMENT OR FOR A MORE DEFINITE STATEMENT**

### I. INTRODUCTION

20  Plaintiff alleges in her Complaint that she was denied accommodation in the form of a reduced
21 hours schedule from September 7, 2005 to April 10, 2006, and that she was terminated because of her
22 disability. She received right-to-sue letters from the DFEH on May 12, 2006 and June 9, 2006 and from
23 the EEOC on June 13, 2006 and April 24, 2007. The last letter from the EEOC determined that there was
24 no subject matter jurisdiction because the PUBLIC AUTHORITY did not have 15 or more employees.
25   On July 31, 2007, plaintiff filed this action, *Dellafosse v. County of Contra Costa, et al.*, case no.
26 C 07 3948. Plaintiff asserts three causes of action: (1) Negligent Supervision, (2) Discrimination under
27 42 U.S.C. sections 12101 et seq., and (3) Disability Discrimination under California Government Code
28 section 12940(a).

1  Plaintiff's complaint does not state factual allegations which give rise to a viable legal claim
2  against defendants, is time-barred, and fails to exhaust administrative remedies. In light of these
3  circumstances, and as explained further below, plaintiff's complaint should be dismissed without leave
4  to amend pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants assert that
5  the Complaint is vague and unintelligible and seek an order requiring Plaintiff to amend her Complaint
6  with a more definite statement of the factual allegations and causes of action which she is alleging.

## II.  LEGAL ARGUMENT

### A.  Standards for Granting Motion to Dismiss, or in the Alternative Motion for Summary Judgment or Motion for More Definite Statement.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for failure to state a claim upon which relief can be granted. The Court may dismiss a complaint due to either a lack of cognizable legal theory or when the plaintiff alleges insufficient facts under a cognizable claim against a defendant. *Robertson v. Dean Witter Reynolds, Inc.* (9th Cir. 1984) 749 F.2d 530, 534.

As a general rule, the Court cannot consider material outside the complaint when ruling on a Rule 12(b)(6) motion. *Arpin v. Santa Clara Valley Transp. Agency* (9th Cir. 2001) 261 F.3d 912, 925; *Beliveau v. Caras* (C.D. Cal. 1995) 873 F.Supp. 1393, 1395; *Paulsen v. CNF, Inc.* (N.D. Cal. 2005) 391 F.Supp.2d 804, 807. However, courts have considered documents attached to a defendant's Rule 12(b)(6) motion, where the authenticity of the documents is not contested and plaintiff's complaint necessarily relies on the documents, even though they were not mentioned in the complaint. *Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068, 1076; *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706 (superceded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.* (9th Cir. 2006) 443 F.3d 676, 681.) This prevents plaintiffs from "deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc., supra*, 146 F.3d at 706.

Here, plaintiff has not included or mentioned her right-to-sue letters from the EEOC and the DFEH in her complaint, but she necessarily relies upon them if her claims are to comply with federal and state statutory requirements. See, 42 U.S.C. §§ 12117, subd. (a), 2000e-5, subd. (f)(1); Cal. Gov. Code § 12965, subd. (b). Defendants request that the Court consider copies of these letters which are attached to the request for judicial notice which is being filed concurrently herewith as they are essential to

plaintiff's claims and their authenticity is not contested. A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504 (court may take judicial notice of public records and reports without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.)

Plaintiff's Complaint also impliedly alleges that she was an employee of the County of Contra Costa and on that ground she has named the County as a defendant.[1] However, Plaintiff was employed by the Public Authority, not the County, at all times relevant hereto. The Public Authority was established pursuant to the California Welfare and Institutions Code by the adoption of a County Ordinance, copies of which are attached to the Declaration of Defendant John Cottrell and the Request for Judicial Notice being submitted herewith. Mr. Cottrell's declaration and the documents attached thereto may be considered by the court in ruling on this motion because their authenticity cannot be contested and they contain information upon which Plaintiff's Complaint necessarily relies. *Parrino v. FHP, Inc.* (9th Cir, 1998) 146 F.3d 699, 706; see also, *Cortec Industries, Inc. v. Sum Holsing L.P.* (2nd Cir. 1991) 949 F.2d 42, 47.

Should the court decline to consider Mr. Cottrell's Declaration and its attachments for purposes of the motion to dismiss, the Court may treat the motion as one for summary judgment and proceed under Rule 56 of the Federal Rules of Civil Procedure pursuant to Rule 12 (b). If the court proceeds in this manner, the standard changes from determining whether a claim for relief has been stated to determining whether there is a "genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. Proc.; *Global Network Communication, Inc. v. City of New York* (2nd Cir. 2006) 458 F.3d 150, 154-155.

**B.   Defendant County of Contra Costa Should be Dismissed from this Action Since It Was Not Plaintiff's Employer.**

Plaintiff is apparently alleging that she was employed by the County when she worked as a senior benefits specialist for the Public Authority. (See Plaintiff's Complaint, p.4, lines 8-10.) However,

---

[1] Plaintiff's complaint states that Ms. Dellafosse was an employee in Los Angeles County at all relevant times (See, Complaint, p.1, lines 23-25). Apparently this is an error and Plaintiff presumably meant to allege that she was an employee of one of the named the defendants in Contra Costa County.

1  Plaintiff was at all times relevant to her Complaint an employee of the Public Authority; she was not an
2  employee of the County. (See Declaration of John Cottrell, ¶ 4.) The Contra Costa County Board of
3  Supervisors established the Public Authority in 1998 to provide for the delivery of in-home support
4  services pursuant to California Welfare and Institutions Code section 12301.6. The Public Authority was
5  established by County Ordinance as permitted by California Welfare and Institutions Code section
6  12301.6 (a)(2), pursuant to Contra Costa County Code, Title 5, Chapter 55-2. (See Cottrell Dec., ¶ 5 and
7  Exhibit 1, also attached as Exhibit A to Defendants' Request for Judicial Notice.)
8        Employees of the Public Authority **are not** employees of the County. Indeed, California Welfare
9  and Institutions Code section 12301.6(b)(2)(B) specifically states, "…Employees of the public authority
10 shall not be employees of the county for any purpose." Since Plaintiff was never employed by the
11 County, it is not a proper defendant in this action alleging employment discrimination, failure to
12 accommodate her disability and negligent supervision in her employment. The Americans with
13 Disabilities Act (hereinafter "ADA") prohibits covered **employers** from discriminating against qualified
14 individuals with disabilities. 42 U.S.C. § 12112(a). Likewise, the California Fair Employment and
15 Housing Act (hereinafter "FEHA") prohibits covered **employers** from discriminating against employees
16 on the basis of their disability. Cal. Gov. Code § 12940. Finally, one cannot be negligently supervised at
17 work by a public entity that is not one's employer or supervisor. Since the County was not Plaintiff's
18 employer or supervisor, Plaintiff has failed to state a claim against it upon which relief can be granted
19 and the County should be dismissed from this action.

    **C.    Plaintiff's Complaint Should Be Dismissed Against Defendant the Public Authority and its Employee John Cotrell Because Plaintiff Fails to State a Federal Claim Against Said Defendants.**

23     "Employer" under the Americans with Disabilities Act means a person or entity engaged in an
24 industry affecting commerce with 15 or more employees on each working day in each of 20 or more
25 calendar weeks in the current or preceding calendar year. 42 U.S.C. § 12111, subd. (5)(A). Plaintiff's
26 Complaint alleges that she was terminated and denied accommodation while working for the Public
27 Authority. (See Plaintiff's Complaint, p. 4, line6 – p. 5, line 1.) (Though the Complaint fails to specify
28 which Defendant Plaintiff was working for at the time of her termination it is uncontested that she was

employed by the Public Authority. (See Declaration of John Cottrell, ¶ 4.) Plaintiff further alleges in the second cause of action in her Complaint that the termination and alleged failure to accommodate her constituted discrimination because of her disability in violation of the ADA. (Plaintiff's Complaint, p. 5, lines 21 through 28.)

Plaintiff filed DFEH charges on August 5, 2005 and June 2, 2006. (See Request for Judicial Notice, Exhibit B, and Cottrell Dec., Exhibit 3.) The June 2, 2006 DFEH Complaint was filed with the Federal Equal Employment and Housing Commission (EEOC) because Plaintiff checked the box on the bottom of the Complaint so requesting. In response, the EEOC sent Plaintiff a "Dismissal and Notice of Rights" dated April 24, 2007 (see Exhibit D to Request for Judicial Notice) which stated that the EEOC closed its file concerning plaintiff's charge because Respondent, the Public Authority "employs less than the required number of employees or is not otherwise covered by the statutes." Throughout the course of Plaintiff's employment with the Public Authority, it employed less than 15 employees. (See, Cottrell Declaration, ¶ 7.) Since the Public Authority employed less than 15 employees during the entire time it employed Plaintiff, it is not an employer covered by the ADA. Thus, plaintiff's Complaint fails to state a federal claim against the Public Authority or its employee, John Cottrell, under the second cause of action of her Complaint. Accordingly, plaintiff's second cause of action should be dismissed for failure to state a claim upon which relief can be granted.[2] Moreover, since this cause of action is the only viable federal claim alleged in Plaintiff's complaint (see discussion below regarding the other two causes of action), once this claim is dismissed, federal question jurisdiction is lost and the entire action should be dismissed.

D. **Plaintiff's ADA and FEHA Claims are Time-Barred.**

Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim lies, and the complaint fails to state a claim because the action is time-barred. *Jablon v. Dean Witter & Co.* (9th Cir. 1980) 614 F.2d 677, 682. As the running of the statute of limitations is not apparent on the face of the complaint, defendants request the

---

[2] The Supreme Court has ruled that Title VII's (and by analogy the ADA's) 15-employee minimum is not jurisdictional, and failure to satisfy this element is not a jurisdictional defect. *Arbaugh v. Y&H Corp.* (2006) 546 U.S. 500, 516. Thus, the defect is challenged by a motion to dismiss under Rule 12(b)(6) not Rule 12(b)(1).

Court to consider the plaintiff's right-to-sue letters attached as exhibits to their Request for Judicial Notice. *Id.*

Plaintiff's second cause of action is asserted under the ADA (42 U.S.C. section 12101, *et seq.*) and her third cause of action is asserted under the California Fair Employment and Housing Act (California Government Code section 12940) (hereinafter "the FEHA"). The ADA expressly incorporates Title VII's procedural requirements, which state that employees have 90 days after receipt of an EEOC right-to-sue notice to file suit under the federal statute. 42 U.S.C. §§ 12117, subd. (a), 2000e-5, subd. (f)(1). Employees have one year after the date of the DFEH's right-to-sue notice to commence a civil action under the FEHA. Cal. Gov. Code § 12965, subd. (b).

Plaintiff received right-to-sue letters from the DFEH dated May 12, 2006 and June 9, 2006, and ones from the EEOC dated June 13, 2006 and April 24, 2007. Plaintiff filed her complaint on July 31, 2007, over one year from the DFEH right-to-sue letters and over 90 days from receipt of the EEOC right-to-sue letters. Thus, plaintiff's second and third causes of action are time-barred, and should be dismissed.

**E.     Plaintiff's Complaint Fails to State A Claim for Negligent Supervision**

Plaintiff's first cause of action alleges the tort of Negligent Supervision against Defendants, and asserts that Defendants' acts violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to be free from discrimination based on physical disability. (See Plaintiff's Complaint, p.5, lines 4-18.) Plaintiff appears to be asserting a Fourteenth Amendment violation under the Federal Civil Rights Act (42 U.S.C. § 1983) based on "negligent supervision". It is unclear how Defendants' alleged negligent failure to provide supervision of Plaintiff at work could have violated the Equal Protection Clause. To the extent that Plaintiff is again alleging that she was treated unequally because of her disability, this cause of action must be brought under the ADA and is a replication of her second cause of action. For the reasons set forth above, Plaintiff has failed to state a claim against any of the named defendants under the ADA since she was not an employee of the County, the Public Authority did not employ the requisite number of employees to be covered by the ADA and her claim is time-barred.

To the extent Plaintiff's first cause of action is for the state law tort of negligence, this pendent state law claim should be dismissed since pursuant to the above discussion, Plaintiff has no viable federal

claim so there is no basis for federal jurisdiction. Further, a review of the elements of a negligence cause of action indicate that Plaintiff has failed to state a viable negligence claim as well. The elements for a negligence claim under California law require: (1) the existence of a legal duty to use due care; (2) breach of that duty; and (3) the breach as a proximate cause of the plaintiff's injury. *Federico v. Superior Court (Jenry G.)* (1997) 59 Cal.App.4th 1207, 1210-1211. Special pleading requirements apply here because Plaintiff is attempting to assert a state tort cause of action against public entities. To successfully plead a cause of action for negligence against a public entity, Plaintiff must plead statutory grounds for the public entity's vicarious liability for the acts or omissions of a public employee. Cal. Gov. Code § 815.2. A demurrer will successfully defeat a cause of action that alleges direct governmental negligence. *Eastburn v. Regional Fire Protection Auth.* (2003) 31 Cal.4th 1175, 1183; *Rodriguez v. Inglewood Unified Sch. Dist.* (1986) 186 Cal.App.3d 707, 723. When pleading vicarious liability, the plaintiff must specifically identify the particular employee or employees whose negligence allegedly injured the plaintiff, and plead facts establishing that the particular employee or employees owed a duty to plaintiff, breached it, and thus caused the injury. See *Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 1093. The plaintiff must also plead facts that show that the employee's acts or omissions fell within the scope of employment. Cal. Gov. Code § 815.2, subd. (a).

Plaintiff's Complaint does not address any of the elements of negligence, and conclusorily states that defendants "engaged in the acts described above negligently in violation of the statutory obligations owed by Defendants, and each of them, to supervise Plaintiff." (Plaintiff's Complaint, p.5, ¶ 22.) Plaintiff's first cause of action also fails to plead all of the above necessary statutory grounds to assert a claim against a public entity. Plaintiff does not assert vicarious liability against the public entity defendants, but simply lumps all defendants together. Since Plaintiff's cause of action for Negligent Supervision is vague and deficient, it fails to state a claim upon which relief can be granted and should be dismissed.

**F.   Plaintiff Failed to Exhaust the Required Administrative Remedy by Filing a Government Tort Claim for Her First Cause of Action.**

Plaintiff's first cause of action asserts the state tort of Negligent Supervision against defendants in federal court. Pendent causes of action in federal court based on state law tort claims are subject to

1  dismissal unless the claims-filing requirements of the California Tort Claims Act have been complied
2  with. *Karim-Panahi v. Los Angeles Police Dep't.* (9th Cir. 1988) 839 F.2d 621, 627.
3        When a plaintiff brings a tort cause of action against public entities and public employees, the
4  plaintiff must comply with the uniform procedures established in the California Tort Claims Act. Cal.
5  Gov. Code §§ 900-935.4, 940-951. Here, plaintiff's first cause of action for Negligent Supervision
6  triggers the Tort Claims Act's requirements. *Martinez v. County of Los Angeles* (1978) 78 Cal.App.3d
7  242 (negligence claims fall under Tort Claims Act.) Plaintiff is required to first timely present her claim
8  in writing for "money or damages" against defendants and have it rejected in whole or in part by
9  defendants. Cal. Gov. Code §§ 905, 905.2, & 945.4. Presentation of a claim is thus a mandatory
10 procedural step before asserting any tort causes of action against a public entity and its employees, and
11 failure to file a claim is fatal to the claimant's cause of action. *State v. Superior Court (Bodde)* (2004) 32
12 Cal.4th 1234, 1239; *Janis v. State Lottery Comm'n* (1998) 68 Cal.App.4th 824, 832; *Spencer v. Merced
13 County Office of Educ.* (1997) 59 Cal.App.4th 1429, 1435-1436.
14       A cause of action on a claim that is subject to the Tort Claims Act must affirmatively allege
15 compliance with the claims-presentation requirement or provide facts showing the applicability of a
16 recognized exception or excuse for noncompliance. *State v. Superior Court (Bodde), supra*, 32 Cal.4th
17 1234, 1239-1241. Failure to include these necessary allegations is subject to attack by general demurrer.
18 *Id.* Here, plaintiff has not asserted that she has complied with or is excused from compliance with the
19 claims-presentation requirement in her complaint. Plaintiff has done nothing to show that she has satisfied
20 the statutory prerequisites for bringing her first cause of action against defendants, and is therefore barred
21 from bringing this Negligent Supervision claim and it should be dismissed.

22     **G.   In the Alternative, Plaintiff Should Be Required to Amend her Complaint to Provide
23          a More Definite Statement.**

24       If the court does not dismiss Plaintiff's complaint, defendants move for a more definite statement
25 pursuant to Rule 12(e). "Confusing complaints impose an unfair burden on litigants and judges."
26 *McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1179-1180. Federal Rules of Civil Procedure, Rule 12(e)
27 allows a party to "move for a more definite statement of a pleading to which a responsive pleading is
28 allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here,

due to plaintiff's failure to correctly establish her employer and assert a clear first cause of action, the Complaint fails to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. Rules of Civ. Proc., Rule 8(a); *Dura Pharmaceuticals, Inc. v. Broudo* (2005) 544 U.S. 336, 347.

Plaintiff's Complaint fails to specify which Defendant Plaintiff was working for, as she erroneously states that she was employed in the County of Los Angeles at all relevant times. Additionally, Plaintiff's first cause of action for Negligent Supervision is vague and unclear. Ms. Dellafosse asserts that she was negligently supervised by defendants, rather than asserting that the alleged negligent supervision of other employees harmed her. Plaintiff also confusingly and improperly incorporates a violation under the Equal Protection Clause of the Fourteenth Amendment to this tort cause of action, which is completely out of place, as discussed above. Defendants are entitled to a more definite statement to supplement the Complaint. Specifically, if Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment is not granted, they request that Plaintiff be ordered to provide a more definite statement to clarify plaintiff's employer and to better define her first cause of action.

## IV. CONCLUSION

For all the foregoing reasons, defendants respectfully request that the Court dismiss plaintiff's complaint without leave to amend, or, in the alternative grant summary judgment in favor of defendants and against Plaintiff. Alternatively, Defendants respectfully request that their motion for a more definite statement be granted.

Dated: February 15, 2008                    PATTON ♦ WOLAN ♦ CARLISE, LLP

                                            by: /s/ Andrea S. Carlise
                                            STEVEN C. WOLAN
                                            ANDREA S. CARLISE
                                            Attorneys for Defendants
                                            COUNTY OF CONTRA COSTA, et al.