# EXHIBIT 1

ORDINANCE NO. 98-14

In-Home Supportive Services Authority

The Contra Costa County Board of Supervisors ordains as follows (omitting the parenthetical footnotes from the official text of the enacted or amended provisions of the Ordinance Code):

SECTION I:   Division 55 is added to the Contra Costa County Ordinance Code to read:

DIVISION 55

In-Home Supportive Services Authority

Chapter 55-2

Authority Established

**Article 55-2.2**        **General**

    55-2.200    Definitions.

    1. "IHSS" means in-home supportive services as described in Welfare and Institutions Code section 12300 (a), (b), et seq.

    2. "Provider" means a person who provides in-home supportive services to a recipient.

    3. "Recipient" means a person eligible and authorized to receive in-home supportive services under Welfare and Institutions Code section 12300, et seq.

    4. "County" means Contra Costa County.
(Ord. 98-14)

    55-2.202    Authority Created.  Pursuant to Welfare and Institutions Code section 12301.6 the Contra Costa County Board of Supervisors establishes a public authority to provide for the delivery of in-home supportive services.
(Ord. 98-14)

     55-2.204    <u>Name</u>. The name of the authority shall be the Contra Costa County In-Home Supportive Services Authority.
(Ord. 98-14)

     55-2.206    <u>Governing Body</u>. The governing body of the Contra Costa County In-Home Supportive Services Authority is the Contra Costa County Board of Supervisors.
(Ord. 98-14)

     55-2.208    <u>Separate Entity</u>. The Contra Costa County In-Home Supportive Services Authority shall be a public entity separate from the County of Contra Costa and shall file the statements required by Government Code section 53051.
(Ord. 98-14)

     55-2.210    <u>Advisory Committee.</u> The Board of Supervisors shall appoint an advisory committee to the Contra Costa County In-Home Supportive Services Authority. Such advisory committee shall consist of eleven individuals, provided that no fewer than 50 percent of the members of the advisory committee shall be individuals who are current or past users of personal assistance services paid for through public or private funds or recipients of services under Article 7 of Part 3 of Division 9 of the Welfare and Institutions Code.
(Ord. 98-14)

**Article 55-2.4 Authority Powers**

     55-2.402    <u>Character of Authority</u>. The Contra Costa County In-Home Supportive Services Authority shall be a corporate public body, exercising public and essential governmental functions, that has all the powers necessary or convenient to carry out the delivery of in-home supportive services in Contra Costa County, including the power to contract for services pursuant to sections 12302 and 12302.1 of the Welfare and Institutions Code, and to make or provide for direct payment to a provider chosen by the recipient for the purchase of services pursuant to sections 12302 and 12302.2 of the Welfare and Institutions Code.
(Ord. 98-14)

     55-2.404    <u>Authority Employees</u>. Employees of the Contra Costa County In-Home Supportive Services Authority shall not be employees of Contra Costa County for any purpose.
(Ord. 98-14)

     55-2.406    <u>Authority Functions</u>. The Contra Costa County In-Home Supportive Services Authority shall carry out the following functions:

1. The provision of assistance to recipients in finding in-home supportive services personnel through the establishment of a registry.

2. Investigation of the qualifications and background of potential in-home supportive services personnel.

3. Establishment of a referral system under which in-home supportive services personnel shall be referred to recipients.

4. Providing for training for providers and recipients. However, the Authority shall not be obligated to provide training directly, to pay for training provided privately or in the community, to pay providers for the time spent in training, to accompany recipients to training, to pay for transportation to training, or to pay for any materials required by the training. The Authority is not obligated to screen or be responsible for the content of any training it informs providers or recipients is available in the community. The Authority is not obligated to ensure that any provider or recipient attend or complete any training.

5. Performing other functions related to the delivery of in-home supportive services as directed by the Board of Supervisors.

6. Ensuring that the requirements of the personal care option pursuant to Subchapter 19 (commencing with Section 1396) of Chapter 7 of Title 42 of the United States Code are met. (Ord. 98-14)

55-2.408.     <u>Service Provider Employment Functions</u>.  The Contra Costa County In-Home Supportive Services Authority shall be deemed to be the employer of in-home supportive services personnel referred to recipients as provided in part 3 of section 55-2.406, within the meaning of Chapter 10 (commencing with section 3500) of Division 4 of Title 1 of the Government Code, provided, nevertheless, that recipients shall retain the right to select, terminate, and direct the work of any in-home supportive services personnel providing services to them.

In order to assure the preservation of the individual provider mode and limit the liability of the Authority, the Authority shall have no authority or jurisdiction to regulate, control, or limit the rights and responsibilities of recipients of in-home supportive services to hire, fire or supervise providers. The right to supervise includes, but is not limited to, the right to determine matters such as work schedules, tasks and duties, assignments and direction of work, methods and standards of care and conduct, discipline, provisions for safety and security, control of premises, any in-home living or other accommodations, and final resolution of concerns, problems and complaints relating to such supervision. Recipients retain such rights and responsibilities independent of the Authority, just as they held such rights and responsibilities independent of the county prior to the formation of the Authority.
(Ord. 98-14)

55-2.410    Recipient Selection. Recipients of in-home supportive services may select in-home supportive services personnel who are not referred to them by the Contra Costa County In-Home Service Authority. Those personnel shall nevertheless be referred to the Authority for the purposes of wages, benefits, and other terms and conditions of employment.
(Ord. 98-14)

55-2.412    State Responsibilities. The creation and operation of the Contra Costa County In-Home Supportive Services Authority shall not alter, require the alteration of, or interfere with the state payroll system and other provisions of Welfare and Institutions Code section 12302.2 for individual providers of in-home supportive services, or affect the state's responsibility with respect to unemployment insurance or worker's compensation for providers of in-home supportive services.
(Ord. 98-14)

**Article 55-2.6    Authority Administration**

55-2.602.    Authority Director. The director of the Contra Costa County In-Home Supportive Services Authority shall be appointed by the Board of Supervisors.
(Ord. 98-14)

55-2.604.    Labor Relations. The Contra Costa County Employer-Employee Relations Resolution (Board of Supervisors' Resolution No. 81/1165), or any succeeding such resolution, shall be applicable respecting the labor relations responsibilities of the Contra Costa County In-Home Supportive Services Authority, provides, nevertheless:

1. A showing of interest of at least ten percent (10%) of the eligible providers, as defined by the Authority, shall be a sufficient showing of interest for any labor organizations to initiate any election or representation procedures established by the Authority for the purposes of certifying an exclusive representative for purposes of collective bargaining;

2. The Authority shall have a non-strike clause in any and all collective bargaining agreements with providers and personnel of the Authority. The non-strike clause shall continue at least one year beyond the other provisions of any and all collective bargaining agreements.

3. Any collective bargaining agreement reached between the Authority and any labor organization certified to represent providers shall be subject to the limitations of this chapter and to ratification in its entirety (i.e. all provisions of such agreements shall be subject to the same vote) by a simple majority of votes cast in a ballot in which all eligible providers, as defined by the Authority, shall be qualified to participate. Final adoption of any such agreement shall be by simple majority of the Board of Supervisors.

        4. The county Human Resources Department is designated as manager of labor relations for the Authority.
(Ord. 98-14)

    55-2.606    <u>County Costs</u>. The costs and expenses of Contra Costa County to provide administrative, legal, labor relations, and other services to the Contra Costa County In-Home Supportive Services Authority, and to make payments to or provide benefits for in-home supportive services providers, shall be charged against the funds of the Authority.
(Ord. 98-14)

    55-2.608    <u>Fiscal Provisions</u>.

        1. The establishment and operation of the Authority or application of Government Code section 3500, et seq., shall not result in payments from the county's general fund beyond the county's annual appropriation for the Authority, if any, which shall be an absolute limit on county cost.

        2. The total of all operating costs, wages, and benefits proposed or established by the Authority shall be consistent with the provisions of the county budget. The Authority shall not establish a payment rate, including costs of wages, benefits and operation, until the Authority determines that the funds necessary for the payment rate are legally available. The annual appropriation for the Authority, if any, contained in the county's fiscal budget for any fiscal year shall be an absolute limit on county cost for that fiscal year.

        3. The Authority shall adopt its budget under the same laws, rules and policies that control the county budget process.

        4. The Authority shall not have the authority to agree to or approve any collective bargaining or other agreement that requires an increase in wages or benefits unless there is a state or federal match for such increases. Services shall not be reduced in order to fund the Authority or implementation of Government Code section 3500, et seq.

        5. The maximum amount of county funds available in any given budget year for the wage and benefit negotiations, if any, shall be set by the Board of Supervisors as part of the county's annual budget. While the establishment of this figure shall not obligate the county, it shall serve as the absolute limit to county costs for any increases negotiated in collective bargaining taking place that fiscal year. The absolute cap on annual county spending on wage or benefits increases shall not be affected by any potential changes in state or federal reimbursement rates.
(Ord. 98-14)

**Article 55-2.8 County and Authority Liability**

    55-2.802    <u>No Employer Liability.</u> The Contra Costa County In-Home Services Authority shall be deemed not to be the employer of in-home supportive services personnel referred to recipients under this ordinance for purposes of liability due to the negligence or intentional torts of the in-home supportive services personnel.
(Ord. 98-14)

    55-2.804    <u>No Non-referral Liability.</u> The Contra Costa County In-Home Services Authority shall not be held liable for any action or omission of any in-home supportive services personnel whom the Authority did not list on a registry or otherwise refer to a recipient.
(Ord. 98-14)

    55-2.806    <u>No County Liability.</u> The County of Contra Costa and the State of California shall be immune from any liability resulting from the implementation of Welfare and Institutions Code section 12301.6.
(Ord. 98-14)

    55-2.808    <u>Agency Liability.</u>

    1. Any obligation of the Contra Costa County In-Home Services Authority, whether statutory, contractual, or otherwise, shall be the obligation solely of the Authority and shall not be the obligation of the County of Contra Costa or the State of California.

    2. The Authority shall not be held liable for any act or omission of any provider whom the Authority did not list on its registry or otherwise refer to a recipient.

    3. The county shall be immune from any liability resulting from its implementation of this chapter and/or administration of the IHSS program pursuant to Welfare and Institutions Code section 12301.6.

    4. Any and all contracts, leases, or other agreements of any nature, including collective bargaining agreements, between the Authority and third parties other than the county shall contain an express provision advising the third party that the Authority is a separate governmental entity and that such agreement does not bind Contra Costa County.

    5. The Authority shall require any and all third parties contracting with the Authority to indemnify and hold harmless the Authority, to provide the Authority with written acknowledgment of such indemnification, and to maintain adequate levels of insurance, as determined by the County's risk manager, naming the Authority as an additional insured.
(Ord. 98-14)

55-2.810    Liability Insurance. Without limiting its indemnification of the county as set forth below, the Authority shall acquire and maintain appropriate insurance in amounts and coverage types to be determined by the county's risk manager to be adequate, and shall name the county and the members of the Board of Supervisors as additional insureds on any policies of insurance maintained by the Authority. Evidence of such insurance shall be provided to the county's risk manager within thirty days of procurement.
(Ord. 98-14)

55-2.812    Indemnification. The Authority shall indemnify, defend and hold harmless the county and its special districts, elected and appointed officers, employees and agents from and against any and all liability, including defense costs and legal fees, and claims for damages of any nature whatsoever, including but not limited to personal injury or property damages, arising from or connected with any act or omission of any officer or employee of the Authority.
(Ord. 98-14)

### Article 55-2.10  Non-Severability

55-2.1002.

1. If any section of this chapter, or the application of such section to any person or circumstance, is held invalid, each and every of said provisions of this chapter shall not be deemed severable from the provisions of this ordinance establishing the Authority, and this chapter shall be held invalid in its entirety.

2. If this chapter becomes invalid under with subsection (1) above, the Authority created by this chapter shall cease to exist, and the county shall immediately resume the provision of IHSS as were provided prior to the adoption of this ordinance.
(Ord. 98 - 14)

### Article 55-2.12  Termination

55-2.1202.  By repeal of this Division, the Board of Supervisors may terminate the Contra Costa County In-Home Services Authority.
(Ord. 98-14)

55-2.1204. Unless extended by ordinance of the Board of Supervisors, this Division 55 (Chapter 55-2) shall be repealed in its entirety on March 1, 2001 (and be of no further force and effect on that date), and the county shall immediately resume the provision of IHSS as were provided prior to the adoption of this ordinance.
(Ord. 98 - 14)

SECTION II: EFFECTIVE DATE. This ordinance becomes effective 30 days after passage, and within 15 days after passage shall be published once with the names of the Supervisors voting for and against it in the CONTRA COSTA TIMES, a newspaper published in the County.

PASSED on March 17, 1998, by the following vote:

AYES: Supervisors Gerber, DeSaulnier, Canciamilla, Rogers
NOES: Supervisor Uilkema
ABSENT: None
ABSTAIN: None

ATTESTED: PHIL BATCHELOR, Clerk
of the Board of Supervisors and
County Administrator

By: /s/ Shirley Casillas
Deputy Shirley Casillas

_____
Board Chair Jim Rogers

[SEAL]

H:\GROUPS\STAFF\IHSS-OR2.WPD

ORDINANCE 98-14
8



**LEGAL PUBLICATION REQUISITION**
Contra Costa County

**From:** Clerk of the Board
651 Pine St., Room 106
Martinez, CA 94553

**To:** Contra Costa Times
PO Box 5124
Walnut Creek, CA 94596

**Requested By:** Shirley Casillas
**Date:** March 20, 1998

**Phone No:** 335-1903
**Reference No:** 69

**Org:** 1100   **Sub Object:** 2190   **Task:**   **Activity:**

**Publication Date(s):** March 30, 1998

**No. Pages** 9

**LEGAL PUBLICATION-** Ordinance 98-14, with respect to In-Home Supportive Services Authority.

****Immediately upon expiration of publication,****
send in one affidavit for each publication in
order that the auditor may be authorized to pay your bill.

**Authorized Signature:** Jeanne O. Maglio