# EXHIBIT 2

Westlaw.

West's Ann.Cal.Welf. & Inst.Code § 12301.6                                                                                   Page 1

▷
**Effective: January 1, 2008**

West's Annotated California Codes Currentness
  Welfare and Institutions Code (Refs & Annos)
    Division 9. Public Social Services (Refs & Annos)
      Part 3. Aid and Medical Assistance (Refs & Annos)
        Chapter 3. State Supplementary Program for Aged, Blind and Disabled (Refs & Annos)
          Article 7. In-Home Supportive Services (Refs & Annos)
            → **§ 12301.6. Delivery of in-home supportive services**

(a) Notwithstanding Sections 12302 and 12302.1, a county board of supervisors may, at its option, elect to do either of the following:

(1) Contract with a nonprofit consortium to provide for the delivery of in-home supportive services.

(2) Establish, by ordinance, a public authority to provide for the delivery of in-home supportive services.

(b)(1) To the extent that a county elects to establish a public authority pursuant to paragraph (2) of subdivision (a), the enabling ordinance shall specify the membership of the governing body of the public authority, the qualifications for individual members, the manner of appointment, selection, or removal of members, how long they shall serve, and other matters as the board of supervisors deems necessary for the operation of the public author- ity.

(2) A public authority established pursuant to paragraph (2) of subdivision (a) shall be both of the following:

(A) An entity separate from the county, and shall be required to file the statement required by Section 53051 of the Government Code.

(B) A corporate public body, exercising public and essential governmental functions and that has all powers necessary or convenient to carry out the delivery of in-home supportive services, including the power to contract for services pursuant to Sections 12302 and 12302.1 and that makes or provides for direct payment to a provider chosen by the recipient for the purchase of services pursuant to Sections 12302 and 12302.2. Employees of the public authority shall not be employees of the county for any purpose.

(3)(A) As an alternative, the enabling ordinance may designate the board of supervisors as the governing body of the public authority.

(B) Any enabling ordinance that designates the board of supervisors as the governing body of the public authority shall also specify that no fewer than 50 percent of the membership of the advisory committee shall be individuals who are current or past users of personal assistance services paid for through public or private funds or recipients of services under this article.

(C) If the enabling ordinance designates the board of supervisors as the governing body of the public authority, it shall also require the appointment of an advisory committee of not more than 11 individuals who shall be designated in accordance with subparagraph (B).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(D) Prior to making designations of committee members pursuant to subparagraph (C), or governing body members in accordance with paragraph (4), the board of supervisors shall solicit recommendations of qualified members of either the governing body of the public authority or of any advisory committee through a fair and open process that includes the provision of reasonable written notice to, and a reasonable response time by, members of the general public and interested persons and organizations.

(4) If the enabling ordinance does not designate the board of supervisors as the governing body of the public authority, the enabling ordinance shall require the membership of the governing body to meet the requirements of subparagraph (B) of paragraph (3).

(c)(1) Any public authority created pursuant to this section shall be deemed to be the employer of in-home supportive services personnel referred to recipients under paragraph (3) of subdivision (e) within the meaning of Chapter 10 (commencing with Section 3500) of Division 4 of Title 1 of the Government Code. Recipients shall retain the right to hire, fire, and supervise the work of any in-home supportive services personnel providing services to them.

(2)(A) Any nonprofit consortium contracting with a county pursuant to this section shall be deemed to be the employer of in-home supportive services personnel referred to recipients pursuant to paragraph (3) of subdivision (e) for the purposes of collective bargaining over wages, hours, and other terms and conditions of employment.

(B) Recipients shall retain the right to hire, fire, and supervise the work of any in-home supportive services personnel providing services for them.

(d) A public authority established pursuant to this section or a nonprofit consortium contracting with a county pursuant to this section, when providing for the delivery of services under this article by contract in accordance with Sections 12302 and 12302.1 or by direct payment to a provider chosen by a recipient in accordance with Sections 12302 and 12302.2, shall comply with and be subject to, all statutory and regulatory provisions applicable to the respective delivery mode.

(e) Any nonprofit consortium contracting with a county pursuant to this section or any public authority established pursuant to this section shall provide for all of the following functions under this article, but shall not be limited to those functions:

(1) The provision of assistance to recipients in finding in-home supportive services personnel through the establishment of a registry.

(2)(A)(i) The investigation of the qualifications and background of potential personnel. The investigation may, with respect to any prospective registry applicant who is not employed before January 1, 2008, include criminal background checks requested by the nonprofit consortium or public authority and conducted by the Department of Justice pursuant to Section 15660, for those public authorities or nonprofit consortia using the agencies on January 1, 2008.

(ii) Upon notice from the Department of Justice notifying the public authority or nonprofit consortium that the prospective registry applicant has been convicted of a criminal offense specified in Section 12305.81, the public authority or nonprofit consortium shall deny the request to be placed on the registry for providing supportive services to any recipient of the In-Home Supportive Services program.

(B) If an applicant is rejected as a result of information contained in the criminal background report, the applic-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ant shall be advised in writing of his or her right to request a copy of his or her own criminal history record from the Department of Justice, as provided in Article 5 (commencing with Section 11120) of Chapter 1 of Title 1 of Part 4 of the Penal Code, to review the information for accuracy and completeness. The applicant shall be advised that if, upon review of his or her own criminal history record he or she finds the information to be inaccurate or incomplete, the applicant shall have the right to submit a formal challenge to the Department of Justice to contest the criminal background report.

(C) An applicant shall be informed of his or her right to a waiver of the fee for obtaining a copy of a criminal history record, and of how to submit a claim and proof of indigency, as required by Section 11123 of the Penal Code.

(D) No fee shall be charged to a provider, potential personnel, or service recipient to cover any costs of administering this paragraph, or the cost to the Department of Justice or any law enforcement agency for processing the criminal background check. Nothing in this paragraph shall be construed to prohibit the Department of Justice from assessing a fee pursuant to Section 11105 or 11123 of the Penal Code to cover the cost of furnishing summary criminal history information. A public authority or nonprofit consortium shall not seek reimbursement unless the conditions described in subparagraph (F) are met.

(E) As used in this section, "nonprofit consortium" means a nonprofit public benefit corporation that has all powers necessary to carry out the delivery of in-home supportive services under the delegated authority of a government entity.

(F)(i) Upon verification that at least 50 percent of the public authority or nonprofit consortium list of registry applicants have received a criminal background check, the county may request reimbursement for the non-federal share of cost associated with the criminal fingerprint record check in accordance to the fiscal claiming methodology.

(ii) The public authority or nonprofit consortium shall provide a report to the State Department of Social Services on the number of prospective registry applicants that have been referred to the Department of Justice for a criminal background check.

(iii) The Department of Justice shall provide verification to the State Department of Social Services on the number of prospective registry applicants that have completed a criminal background check.

(3) Establishment of a referral system under which in-home supportive services personnel shall be referred to recipients.

(4) Providing for training for providers and recipients.

(5)(A) Performing any other functions related to the delivery of in-home supportive services.

(B)(i) Upon request of a recipient of in-home supportive services pursuant to this chapter, or a recipient of personal care services under the Medi-Cal program pursuant to Section 14132.95, a public authority or nonprofit consortium may provide a criminal background check on a non-registry applicant or provider from the Department of Justice, in accordance with clause (i) of subparagraph (A) of paragraph (2) of subdivision (e). If the person who is the subject of the criminal background check is not hired or is terminated because of the information contained in the criminal background report, the provisions of subparagraph (B) of paragraph (2) of subdivision (e) shall apply.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(ii) A recipient of in-home supportive services pursuant to this chapter or a recipient of personal care services under the Medi-Cal program may elect to employ an individual as their service provider notwithstanding the individual's record of previous criminal convictions, unless those convictions include any of the offenses specified in Section 12305.81.

(6) Ensuring that the requirements of the personal care option pursuant to Subchapter 19 (commencing with Section 1396) of Chapter 7 of Title 42 of the United States Code are met.

(f)(1) Any nonprofit consortium contracting with a county pursuant to this section or any public authority created pursuant to this section shall be deemed not to be the employer of in-home supportive services personnel referred to recipients under this section for purposes of liability due to the negligence or intentional torts of the in-home supportive services personnel.

(2) In no case shall a nonprofit consortium contracting with a county pursuant to this section or any public authority created pursuant to this section be held liable for action or omission of any in-home supportive services personnel whom the nonprofit consortium or public authority did not list on its registry or otherwise refer to a recipient.

(3) Counties and the state shall be immune from any liability resulting from their implementation of this section in the administration of the In-Home Supportive Services program. Any obligation of the public authority or consortium pursuant to this section, whether statutory, contractual, or otherwise, shall be the obligation solely of the public authority or nonprofit consortium, and shall not be the obligation of the county or state.

(g) Any nonprofit consortium contracting with a county pursuant to this section shall ensure that it has a governing body that complies with the requirements of subparagraph (B) of paragraph (3) of subdivision (b) or an advisory committee that complies with subparagraphs (B) and (C) of paragraph (3) of subdivision (b).

(h) Recipients of services under this section may elect to receive services from in-home supportive services personnel who are not referred to them by the public authority or nonprofit consortium. Those personnel shall be referred to the public authority or nonprofit consortium for the purposes of wages, benefits, and other terms and conditions of employment.

(i)(1) Nothing in this section shall be construed to affect the state's responsibility with respect to the state payroll system, unemployment insurance, or workers' compensation and other provisions of Section 12302.2 for providers of in-home supportive services.

(2) The Controller shall make any deductions from the wages of in-home supportive services personnel, who are employees of a public authority pursuant to paragraph (1) of subdivision (c), that are agreed to by that public authority in collective bargaining with the designated representative of the in-home supportive services personnel pursuant to Chapter 10 (commencing with Section 3500) of Division 4 of Title 1 of the Government Code and transfer the deducted funds as directed in that agreement.

(3) Any county that elects to provide in-home supportive services pursuant to this section shall be responsible for any increased costs to the in-home supportive services case management, information, and payrolling system attributable to that election. The department shall collaborate with any county that elects to provide in-home supportive services pursuant to this section prior to implementing the amount of financial obligation for which the county shall be responsible.

(j) To the extent permitted by federal law, personal care option funds, obtained pursuant to Subchapter 19

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(commencing with Section 1396) of Chapter 7 of Title 42 of the United States Code, along with matching funds using the state and county sharing ratio established in subdivision (c) of Section 12306, or any other funds that are obtained pursuant to Subchapter 19 (commencing with Section 1396) of Chapter 7 of Title 42 of the United States Code, may be used to establish and operate an entity authorized by this section.

(k) Notwithstanding any other provision of law, the county, in exercising its option to establish a public authority, shall not be subject to competitive bidding requirements. However, contracts entered into by either the county, a public authority, or a nonprofit consortium pursuant to this section shall be subject to competitive bidding as otherwise required by law.

(l)(1) The department may adopt regulations implementing this section as emergency regulations in accordance with Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code. For the purposes of the Administrative Procedure Act, the adoption of the regulations shall be deemed an emergency and necessary for the immediate preservation of the public peace, health and safety, or general welfare. Notwithstanding Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code, these emergency regulations shall not be subject to the review and approval of the Office of Administrative Law.

(2) Notwithstanding subdivision (h) of Section 11346.1 and Section 11349.6 of the Government Code, the department shall transmit these regulations directly to the Secretary of State for filing. The regulations shall become effective immediately upon filing by the Secretary of State.

(3) Except as otherwise provided for by Section 10554, the Office of Administrative Law shall provide for the printing and publication of these regulations in the California Code of Regulations. Emergency regulations adopted pursuant to this subdivision shall remain in effect for no more than 180 days.

(m)(1) In the event that a county elects to form a nonprofit consortium or public authority pursuant to subdivision (a) before the State Department of Health Care Services has obtained all necessary federal approvals pursuant to paragraph (3) of subdivision (j) of Section 14132.95, all of the following shall apply:

(A) Subdivision (d) shall apply only to those matters that do not require federal approval.

(B) The second sentence of subdivision (h) shall not be operative.

(C) The nonprofit consortium or public authority shall not provide services other than those specified in paragraphs (1), (2), (3), (4), and (5) of subdivision (e).

(2) Paragraph (1) shall become inoperative when the State Department of Health Care Services has obtained all necessary federal approvals pursuant to paragraph (3) of subdivision (j) of Section 14132.95.

(n)(1) One year after the effective date of the first approval by the department granted to the first public authority, the Bureau of State Audits shall commission a study to review the performance of that public authority.

(2) The study shall be submitted to the Legislature and the Governor not later than two years after the effective date of the approval specified in subdivision (a). The study shall give special attention to the health and welfare of the recipients under the public authority, including the degree to which all required services have been delivered, out-of-home placement rates, prompt response to recipient complaints, and any other issue the director deems relevant.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(3) The report shall make recommendations to the Legislature and the Governor for any changes to this section that will further ensure the well-being of recipients and the most efficient delivery of required services.

(o) Commencing July 1, 1997, the department shall provide annual reports to the appropriate fiscal and policy committees of the Legislature on the efficacy of the implementation of this section, and shall include an assessment of the quality of care provided pursuant to this section.

(p)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2), the department shall, no later than January 1, 2009, implement subparagraphs (A) and (B) through an all county letter from the director:

(A) Subparagraphs (A) and (B) of paragraph (2) of subdivision (e).

(B) Subparagraph (B) of paragraph (5) of subdivision (e).

(2) The department shall, no later than July 1, 2009, adopt regulations to implement subparagraphs (A) and (B) of paragraph (1).

(q) The amendments made to paragraphs (2) and (5) of subdivision (e) made by the act [FN1] that added this subdivision during the 2007-08 Regular Session of the Legislature shall only be implemented to the extent that an appropriation is made in the annual Budget Act or other statute.

CREDIT(S)

(Added by Stats.1999, c. 91 (S.B.710), § 2, eff. July 12, 1999. Amended by Stats.2000, c. 108 (A.B.2876), § 44.2, eff. July 10, 2000; Stats.2002, c. 1135 (A.B.2235), § 1; Stats.2007, c. 447 (S.B.868), § 1.)

[FN1] Stats.2007, c. 447 (S.B.868).

HISTORICAL AND STATUTORY NOTES

2007 Electronic Update

2007 Legislation

Section 3 of Stats.2007, c. 447 (S.B.868), provides:

"SEC. 3. Section 1.5 of this bill incorporates amendments to Section 12301.6 of the Welfare and Institutions Code proposed by both this bill and AB 182 [vetoed]. It shall only become operative if (1) both bills are enacted and become effective on or before January 1, 2008, (2) each bill amends Section 12301.6 of the Welfare and Institutions Code, and (3) this bill is enacted after AB 182 [vetoed], in which case Section 1 of this bill shall not become operative."

An amendment of this section by § 1.5 of Stats.2007, c. 447 (S.B.868), failed to become operative under the provisions of § 3 of that Act.

2001 Main Volume

Former § 12301.6, added by Stats.1992, c. 722 (S.B.485), § 54, amended by Stats.1993, c. 69 (S.B.35), § 44; Stats.1993, c. 1252 (S.B.1078), § 16; Stats.1994, c. 146 (A.B.3601), § 229; Stats.1994, c. 1029 (A.B.1354), § 3;

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Stats.1996, c. 206 (S.B.1780), § 22; Stats.1999, c. 90 (A.B.1682), § 4, relating to delivery of in-home supportive services, was repealed by Stats.1999, c. 91 (S.B.710), § 1, eff. July 12, 1999. See this section.

**Derivation:** Former § 12301.6, added by Stats.1992, c. 722, § 54, amended by Stats.1993, c. 69, § 44; Stats.1993, c. 1252, § 16; Stats.1994, c. 146, § 229; Stats.1994, c. 1029, § 3; Stats.1996, c. 206, § 22; Stats.1999, c. 90, § 4.

CROSS REFERENCES

>   Public agencies and conditions requiring the preparation or submission of written report with respect to this section, see Government Code § 7550.5.
>   Public social services, conflict between waiver and statute, controlling terms, see Welfare and Institutions Code § 12317.2.
>   Public social services, legislative intent, IHSS Plus Waiver, see Welfare and Institutions Code § 14132.951.

LIBRARY REFERENCES

2001 Main Volume

>   Social Security and Public Welfare ⇔ 5, 6, 176.1, 179.1.
>   Westlaw Topic No. 356A.
>   C.J.S. Social Security and Public Welfare §§ 6 to 9, 96, 102.

West's Ann. Cal. Welf. & Inst. Code § 12301.6, CA WEL & INST § 12301.6
Current with all 2007 laws and all propositions appearing on the Feb. 5, 2008 ballot

(C) 2008 Thomson/West
END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.