Steven C. Wolan (State Bar No. 56237)
Andrea S. Carlise (State Bar No. 151648)
PATTON ♦ WOLAN ♦ CARLISE, LLP
1814 Franklin Street, Suite 501
Oakland, California 94612
Telephone: (510) 987-7500
Facsimile: (510) 987-7575

Attorneys for Defendants,
COUNTY OF CONTRA COSTA,
CONTRA COSTA COUNTY IN-HOME SUPPPORT
SERVICES PUBLIC AUTHORITY
(incorrectly sued herein as IHSS PUBLIC AUTHORITY),
and JOHN COTTRELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DELLAFOSSE, | Case No. C 07 3948 |
| Plaintiff, | DEFENDANTS' CASE MANAGEMENT STATEMENT |
| vs. | Date: February 22, 2008 |
| COUNTY OF CONTRA COSTA, IHSS PUBLIC AUTHORITY, JOHN COTTRELL, EXECUTIVE DIRECTOR, DOES 1 to 100, | Time: 10:30 a.m.<br>Courtroom: 7, 19th Floor<br>Judge: The Hon. Maxine M. Chesney |
| Defendants. | |

Defendants, COUNTY OF CONTRA COSTA, CONTRA COSTA COUNTY IN-HOME SUPPORT SERVICES PUBLIC AUTHORITY (incorrectly sued herein as IHHS PUBLIC AUTHORITY) and JOHN COTTRELL (collectively "Defendants") hereby submit their Case Management Statement. Despite Defendants' counsel's reasonable efforts to obtain the cooperation of Plaintiff's counsel to file a joint case management statement, counsel were unable to communicate and finalize a joint statement and for that reason Defendants are filing this separate statement. See Declaration of Andrea S. Carlise which is being filed concurrently herewith.

CASE MANAGEMENT STATEMENT

1

*Dellafosse v. County of Contra Costa, et al.*
Case No. C 07 3948

# DEFENDANTS' CASE MANAGEMENT STATEMENT

1.  <u>Jurisdiction and Service</u>:   The court has subject matter jurisdiction pursuant to Title 28 of the United States Code, Sections 1331 and 1343 as this action allegedly arises under Title 42 of the United States Code, section 1983. Plaintiff did not properly serve any defendant. The Summons and Complaint was served on "Jane Doe" at the County of Contra Costa. However, in the interest of the efficient resolution of this case, Defendants are not contesting service and are filing a motion to dismiss the complaint, or in the alternative, motion for summary judgment or motion for a more definite statement.

2.  <u>Facts</u>:

   A.   <u>A Brief Chronology of the Facts</u>:

   Plaintiff, Gloria Dellafosse, was employed by Contra Costa County In-Home Support Services Public Authority (hereinafter "the Public Authority") from approximately November of 2002 until April 10, 2006. At all times relevant to the issues in this lawsuit, Ms. Dellafosse's position with IHSS was that of Senior Benefits Specialist. Plaintiff alleges that she was denied accommodation from September 7, 2005 to April 10, 2006 and was terminated from her position because of her disability on April 10, 2006.

   On September 29, 2003, Plaintiff filed a workers compensation claim alleging that she developed carpal tunnel syndrome in both wrists due to repetitive hand motion from keyboard use. Her work restrictions relating to repetitive keyboard use were accommodated. Plaintiff was then injured on the job on or about October 29, 2003 when she was sitting in an office chair that rolled back, causing her to start to fall. She caught her elbow on the desk as she was falling, causing an injury. She filed a second workers' compensation claim and received temporary and later, permanent, disability benefits. Ms. Dellafosse was advised that the Public Authority could not accommodate the modified schedule her physician suggested, working only 4 hours per day, four days per week, so she went out on workers' compensation/ disability leave until January of 2004. She worked erratically from January through August 2004, and was out of work completely on temporary disability leave for much of that time. She then returned to work on modified duty in August 2004 with her physician's recommendation to work 6 hours per day/ thirty hours per week. However, her attendance was again erratic and as she averaged less that four hours per day at work form August 2004 to March 2005.

///

Ms. Dellafosse took another disability leave of absence from April 5, 2005 until August 8, 2005. She then returned to work for a short time and went out on disability leave again on August 25, 2005. The medical slip Plaintiff provided to the Public Authority in August 2005 indicated that she could work only up to four hours per day, and could keyboard only up to one hour per day. It did not indicate when she could return to her full duties. Ms. Dellafosse was advised that these restrictions prevented her from performing the essential functions of her job, with or without accommodation. She was asked to provide further medical documentation indicating how long her restrictions were expected to last on several occasions between September 2005 and April 2006, but she never responded to the requests. On April 10, 2006, Ms. Dellafosse was advised that since the Public Authority could not accommodate what appeared to be a need for indefinite leave, and plaintiff could not perform the essential functions of her job with or without accommodation, her employment was being terminated.

      B.    The Principal Factual Issues in Dispute:

Defendants dispute that any actions were taken against Plaintiff as the result of discrimination due to her disability. They also dispute Plaintiff's claim that her disabilities were not reasonably accommodated. They further allege that Plaintiff failed to engage in the interactive process and Plaintiff disputes this allegation. Since this action has just commenced, more specific factual disputes have not yet been discerned.

3.    Legal Issues:

Defendants contend that Plaintiff's causes of action are barred by the applicable statutes of limitations, that Plaintiff's Complaint fails to state a cognizable federal claim against them because the Public Authority does not have the requisite number of employees to be covered by the ADA, and that the County of Contra Costa is not a proper defendant because it was not Plaintiff's employer. Defendants also contend that Plaintiff's cause of action for negligent supervision is barred because she failed to file a government code tort claim and she has no valid claim for negligent supervision under the equal protection clause of the 14th Amendment to the U.S. Constitution. Defendants dispute that they took any action against Plaintiff as a result of her membership in any protected class, including but not limited to her disability or medical condition. Defendants also dispute that their conduct violated any of plaintiff's civil rights, and dispute that plaintiff has any cause of action under 42 USC Section 1983 or

the Equal Protection Clause. Defendants further dispute that their conduct was negligent or that anyone was negligently supervised as alleged in plaintiff's Complaint.

4. Motions:

Defendants are filing a motion to dismiss, or in the alternative, motion for summary judgment or motion for a more definite statement on the grounds that Plaintiff's claims are time-barred, that Defendant Contra Costa County is not a proper defendant, that the complaint fails to state a cognizable federal claim because the Public Authority employed less than the requisite 15 employees at all times relevant to Plaintiff's claims, and that plaintiff has failed to state a valid claim for "negligent supervision" under the Equal Protection Clause of the 14th Amendment. If this motion is not granted, Defendants intend to file a motion for summary judgment as well as pre-trial motions.

5. Amendment of Pleadings:

Defendants do not expect there to be any amendments to the pleadings.

6. Evidence Preservation:

Steps have been taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails and other electronically recorded material.

7. Disclosures:

Since Defendants were never properly served, and did not file their Motion to Dismiss until February 14, 2008, the parties have not yet exchanged their initial disclosures, but intend to do so within 14 days of any ruling denying Defendant's motion which has been noticed to be heard on March 21, 2008.

8. Discovery:

Defendants agree to be limited by Rule 26 of the Federal Rules of Civil Procedure, with a limit of ten (10) depositions per side absent cause, and sets of 35 of each type of written discovery. Defendants anticipate that Plaintiff will want to depose Public Authority employees John Cottrell and Frances Smith. Defendants intend to depose the Plaintiff and any witnesses that she identifies, as well as any treating physicians and expert witnesses should they not prevail on their motion to dismiss or summary judgment motion.

9. Class Actions:

Not applicable.

10. Related Cases:

There are no related cases known at this time.

11. Relief:

Plaintiff's Complaint seeks monetary damages including medical and related expenses, lost wages, loss of earning capacity, and other general damages according to proof. She also seeks recovery of attorneys' fees and costs of suit.

Defendants will seek summary judgment, and contend that Plaintiff is not entitled to any monetary relief, either compensatory or in the form of attorneys' fees and costs.

12. Settlement and ADR:

Defendants agree to participate in ENE if their motion to dismiss is not granted. Defendants believe that their anticipated motion for summary judgment should be decided before they will be in a position to negotiate any settlement of this case.

13. Consent to Magistrate Judge for All Purposes:

Defendants do not consent to have a magistrate judge conduct all further proceedings.

14. Other References:

This case is not suitable for other references at this time.

15. Narrowing of Issues:

Defendants intend to file a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure should their motion to dismiss be denied. Defendants also intend to request that issues of liability and damages be bifurcated should their motion be denied.

16. Expedited Schedule:

Defendants do not believe that this case can be handled on an expedited basis with streamlined procedures at this time.

17. Scheduling:

Defendants anticipate filing a summary judgment motion by July 2008 if their motion to dismiss is denied. They propose that dispositive motions be heard by August 30, 2008, the discovery cut-off be

scheduled for November 30, 2008, Expert Designation be scheduled for January 31, 2009, and that a pre-trial conference and trial be scheduled for February, 2009.

18.  Trial:

Defendants will request a trial by jury when (and if) they are required to answer Plaintiff's Complaint. Defendants anticipate that the case as postured will take approximately 10 court days to try.

19.  Disclosure of Non-party Interested Entities or Persons:

Defendants are not aware of any persons, firms, partnerships, corporations, (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants will file a Certification of Interested Entities or Persons before the upcoming Case Management Conference.

Dated: February 15, 2008                    PATTON ♦ WOLAN ♦ CARLISE, LLP

                                            by: _____
                                            STEVEN C. WOLAN
                                            ANDREA S. CARLISE
                                            Attorneys for Defendants,
                                            COUNTY OF CONTRA COSTA,
                                            CONTRA COSTA COUNTY IN-HOME
                                            SUPPPORT SERVICES PUBLIC AUTHORITY
                                            (incorrectly sued herein as IHSS PUBLIC
                                            AUTHORITY), and JOHN COTTRELL