1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    GLORIA DELLAFOSSE,                         No. C-07-3948 MMC

12              Plaintiff,                        **ORDER GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANTS'**
13        v.                                      **MOTION TO DISMISS, FOR SUMMARY
                                                  JUDGMENT, AND FOR A MORE**
14    COUNTY OF CONTRA COSTA, et al.,             **DEFINITE STATEMENT; VACATING
                                                  HEARING**
15              Defendants
                                          /
16

17        Before the Court is defendants' "Motion to Dismiss for Failure to State a Claim Upon

18   Which Relief Can Be Granted (FRCP 12(b)(6), and in the Alternative, Motion for Summary

19   Judgment (FRCP 56) or Motion for a More Definite Statement," filed February 15, 2008.

20   Plaintiff has not filed an opposition or other response.[1]  Having read and considered the

21   papers submitted in support of the motion, the Court finds the matter suitable for decision

22   thereon, VACATES the hearing scheduled for April 4, 2008, and rules as follows.

23   **A.  County of Contra Costa ("The County")**

24        Plaintiff's claims arise from her allegation that her employer discriminated against

25   her on account of an alleged disability and failed to reasonably accommodate her disability.

26   Defendants have shown the County of Contra Costa ("the County") is entitled to summary

27   _____

28        [1]Pursuant to the Civil Local Rules of this District, opposition was due no later than
     March 14, 2008.  See Civil L. R. 7-3(a) (providing opposition to motion must be filed no
     later than 21 days before hearing date).

1  judgment on plaintiff's claims, because it is undisputed the County was not plaintiff's

2  employer; rather, it is undisputed plaintiff was employed by a separate legal entity, the

3  Contra Costa County In-Home Support Services Public Authority ("the Public Authority").

4  (See Cottrell Decl. ¶¶ 1, 4; Defs.' Req. for Judicial Notice Ex. A); see also Cal. Welf. & Inst.

5  Code § 12301.6 (providing where county establishes public authority to provide in-home

6  supportive services, employees of public authority "shall not be employees of the county for

7  any purpose").

8  **B.  Public Authority and Cottrell**

9     **1.  First Cause of Action**

10          a.  Defendants have shown the Public Authority and its Acting Director John

11  Cottrell ("Cottrell") are entitled to dismissal of the First Cause of Action, alleging a claim for

12  "negligent supervision," to the extent it is based on a state law tort claim, because plaintiff

13  does not allege she presented a claim to the Public Authority prior to filing the instant case.

14  See Watson v. State of California, 21 Cal. App. 4th 836, 843 (1993) ("It is well settled that a

15  government claim must be filed with the public entity before a tort action is brought against

16  the public entity or public employee."); Ortega v. O'Connor, 764 F. 2d 703, 707 (9th Cir.

17  1985)), rev'd on other grounds, 480 U.S. 709 (1987) (holding plaintiff's failure to comply

18  with claim presentation requirements of California Government Code is bar to maintaining

19  state law claims against governmental entity and its employees).  Plaintiff will be afforded

20  leave to amend to allege, if she can, compliance with the claim presentation requirements.

21          b.  Defendants have not shown the Public Authority and Cottrell are entitled to

22  dismissal of the First Cause of Action, to the extent it is based on a violation of the Equal

23  Protection Clause.  Although defendants argue a claim based an allegation of uneven

24  treatment on account of a disability "must be brought under the ADA [Americans with

25  Disabilities Act]" as opposed to under the Equal Protection Clause, (see Defs.' Mot. at 7:22-

26  24), defendants cite no authority for such proposition.  Indeed, the ADA does not preclude

27  a plaintiff from seeking relief under any other federal law that "provides greater or equal

28  protection for the rights of individuals with disabilities than are afforded by [the ADA]."  See

2

1   42 U.S.C. § 12201(b).

2            c.  Defendants have shown the Public Authority and Cottrell are entitled to a

3   more definite statement as to the First Cause of Action, to the extent it is based on a

4   violation of the Equal Protection Clause.  As defendants correctly note, the First Cause of

5   Action is vague and fails to give them fair notice of the nature of plaintiff's claim.  First,

6   plaintiff's allegation that defendants "failed to provide supervision," (see Compl. ¶ 23), fails

7   to give any notice of the nature of the asserted unequal treatment.  Second, if plaintiff's

8   claim is premised on the theory that she was discriminated against because of animus on

9   account of her alleged disability, plaintiff cannot state a claim under the Equal Protection

10  Clause.  See Engquist v. Oregon Dep't of Agriculture, 478 F. 3d 985, 993-996 (9th Cir.

11  2007) (holding "class-of-one" theory of equal protection inapplicable to employment

12  decisions made by public employers); Lauth v. McCollum, 424 F. 3d 634 (7th Cir. 2005)

13  (defining "class-of-one" as plaintiff "who does not belong to any 'suspect' (that is, favored)

14  class"); Doe v. Chandler, 83 F. 3d 1150, 1155 (9th Cir. 1996) ("For the purposes of equal

15  protection analysis, the disabled do not constitute a suspect class."); Sharer v. Oregon, 481

16  F. Supp. 2d 1156, 1162-63 (D. Ore. 2007) (citing Engquist; holding plaintiff could not

17  proceed with equal protection claim against public employer where plaintiff alleged she was

18  terminated because of disability).

19        **2.  Second Cause of Action**

20        Defendants have shown the Public Authority and Cottrell are entitled to summary

21  judgment on the Second Cause of Action, alleging a claim under the ADA, because it is

22  undisputed the Public Authority employed "less than 15 employees for each working day in

23  20 or more calendar weeks in each calendar year from 1999 up to and including April 10,

24  2006."[2]  (See Cottrell Decl. ¶ 7); 42 U.S.C. § 12111(5)(A) (providing ADA only applicable to

25  employers with "15 or more employees for each working day in each of 20 or more

26  calendar weeks in the current or preceding year").

27  ─────────────────

28        [2]Plaintiff's last date of employment with the Public Authority was April 10, 2006.
    (See Cottrell Decl. ¶ 4.)

**3. Third Cause of Action**

Defendants have shown the Public Authority and Cottrell are entitled to dismissal of the Third Cause of Action, alleging a claim under the California Fair Employment and Housing Act ("FEHA"), because plaintiff filed the instant action more than one year from the date of her right-to-sue notices.  (See Defs.' Req. for Judicial Notice Ex. C); Cal. Gov't Code § 12965(b) (providing FEHA claim must be filed "within one year from the date of [right-to-sue] notice").  Plaintiff will be afforded leave to amend to allege, if she can, a basis for statutory or equitable tolling of the one-year statute of limitations.

**CONCLUSION**

For the reasons stated above, defendants' motion is hereby GRANTED in part and DENIED in part, as follows:

1.  To the extent defendants seek summary judgment on plaintiff's claims against the County, the motion is GRANTED.

2.  To the extent defendants seek dismissal of the First Cause of Action, as alleged against the Public Authority and Cottrell:

a.  the motion is GRANTED to the extent such claim is based on a state law tort claim, and the First Cause of Action is, to such extent, DISMISSED; and

b.  the motion is DENIED to the extent such claim is based on a denial of equal protection.

3.  To the extent defendants seek a more definite statement as to the equal protection claim alleged in the First Cause of Action, against the Public Authority and Cottrell, the motion is GRANTED, and the First Cause of Action is, to such extent, DISMISSED.

4.  To the extent defendants seek summary judgment on the Second Cause of Action, as alleged against the Public Authority and Cottrell, the motion is GRANTED.

5.  To the extent defendants seek dismissal of the Third Cause of Action, as alleged against the Public Authority and Cottrell, the motion is GRANTED, and the Third Cause of Action is DISMISSED.

1    6.  Plaintiff is afforded leave to amend the First Cause of Action and Third Cause of

2  Action to cure the deficiencies identified above.  Any First Amended Complaint shall be

3  filed no later than April 13, 2008.

4         **IT IS SO ORDERED.**

5

6  Dated:  March 27, 2008

7                                                                    MAXINE M. CHESNEY
                                                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28